UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES D. NICHOLS,

            Plaintiff,                      CASE NO. 03-74313

-vs-                               PAUL D. BORMAN
                                  UNITED STATES DISTRICT JUDGE

MICHAEL MOORE,

            Defendant.

_____/

## <u>ORDER DENYING PLAINTIFF'S MOTION TO EXPAND RECORD</u>

Presently before the Court is Plaintiff James D. Nichols' ("Plaintiff") Motion to Expand

Record.

Plaintiff filed the Complaint on October 27, 2003, alleging the following counts against

Defendant Michael Moore ("Defendant"):

| | |
|---|---|
| Count I | Libel Per Se (based upon the Bowling for Columbine film ("the Film")) |
| Count II | Libel Per Se (based upon the Oprah Winfrey Show) |
| Count III | Defamation by Implication (based upon the Film) |
| Count IV | Defamation by Implication (based upon the Oprah Winfrey Show) |
| Count V | False Light Invasion of Privacy (based upon the Film) |
| Count VI | False Light Invasion of Privacy (based upon the Oprah Winfrey Show) |
| Count VII | Intentional Infliction of Emotional Distress (based upon the Film) |
| Count VIII | Intentional Infliction of Emotional Distress (based upon the Oprah Winfrey Show) |
| Count IX | Negligent Infliction of Emotional Distress |
| Count X | Right of Publicity |

(Compl.).

On September 3, 2004, this Court granted in part and denied in part Defendant's Motion

for Summary Judgment. The Court dismissed Counts II, IV, VI, VIII, and X. On July 13, 2005,

1

this Court granted summary judgment to Defendant, which is the subject of Plaintiff's appeal to the Sixth Circuit.  The Court dismissed Counts I, III, V, VII, and IX, the remaining Counts in Plaintiff's Complaint.

Plaintiff has appealed this case to the Sixth Circuit, which is holding the appeal in abeyance temporarily pending this Court's ruling on the instant motion.  (Pl.'s Mot. Ex. 3).

Plaintiff argues that Defendant would not stipulate to expand the record to include the complete transcripts of the 1995 Detention Hearings, even though Defendant attached excerpts from the May 2, 2995 Detention Hearing transcript to his Motion for Summary Disposition, at Exhibit D, excerpts from the May 22-23, 1995 Detention Hearing, at Exhibit F, and Magistrate Morgan's Order of Detention, at Exhibit E.

Plaintiff states that Defendant also specifically addressed both detention hearings at pages 7 and 8 of his Memorandum in Support of Defendant's Motion for Summary Judgment. Plaintiff attached excerpts from the May 2, 1995 Detention Hearing to his Memorandum in Response to Defendant's February 15, 2005 Motion for Summary Judgment, at Exhibit 10.

Plaintiff notes that this Court referred to the May 2, 1995 Detention Hearing in its July 13, 2005 Order Granting Defendant's Motion for Summary Judgment, at page 10.  Plaintiff states that this Court's Order also made references to the 1995 case of the *United States v. James Douglas Nichols*, at pages 2, 7-14, and 17.

Plaintiff finally argues that although Defendant would not agree to expand the record to include Defendant's December 10, 2004 Responses to First Set of Interrogatories and Request for Production of Documents and Things to Defendant Michael Moore, for the reason that said responses were not relied upon by the trial court in its Order granting summary judgment,

Plaintiff notes that this Court quotes directly from Defendant's response to Interrogatory #1 at page 8, footnote 2 of the Order.

Plaintiff requests the addition of the above documents to allow the record to be complete and accurate on appeal.

Defendant argues that the relevant portions of the documents at issue are already in the record. Defendant states that Plaintiff had every opportunity to attach the entire detention hearing transcripts to any one of the several briefs filed with this Court. Defendant claims that the records are voluminous, and that both parties wisely sought to only submit those portions which they found to be relevant to the arguments in this case.

Defendant states that he attached copies of his first two discovery responses as Exhibit O to his reply brief to the Motion for Summary Judgment, and that this is the source of the Court's quotation. Further, Defendant notes that Plaintiff has already put all of Moore's discovery responses in the record, as "Attachment #2" to Nichols' March 29, 2005 discovery motion (Docket Entry #45). Defendant claims that Plaintiff is already aware of this fact because he designated this attachment as part of the Joint Appendix. (Def.'s Resp. Ex. A). For these reasons, Defendant asserts that Plaintiff's motion is frivolous.

Finally, Defendant contends that Plaintiff's motion is "ridiculously late, and would accomplish nothing." Defendant indicates that both parties have received multiple extensions to the briefing schedule from the Sixth Circuit, and have already submitted their complete proof briefs and designations of Joint Appendix contents. Defendant states that Plaintiff is already past the deadline set by the Sixth Circuit for filing the Joint Appendix itself, and that the parties' arguments and record on appeal are set. Defendant argues that although Plaintiff could petition

3

the Sixth Circuit to permit a new round of briefing and re-designations to accommodate the new documents, justice would not be served and would certainly be delayed by such a move. Defendant requests that the Court award him costs and fees incurred in connection with defending this motion.

Plaintiff replies that this motion was filed after his January 11, 2006 proof brief was filed with the Court of Appeals, but before Defendant's February 24, 2006 proof brief was filed with the Court of Appeals. Plaintiff states that he filed this motion because Defendant refused to agree to allow the documents to be made part of the trial court record. Plaintiff states that he also filed this motion because of Plaintiff counsel's fear that Defendant would contend that while he could rely upon the May 22, 1995 transcript excerpts offered in both this Court and the Court of Appeals, counsel for Plaintiff could not rely upon the excerpts from the May 22, 1995 transcripts offered in Plaintiff's proof brief. Plaintiff notes that while he did not offer any excerpts of the May 2, 1995 bond hearing in front of Magistrate Judge Morgan in his appellate brief, the Court of Appeals may want to review that transcript because this Court offered Magistrate Judge Morgan's findings as support for its decision below.

Plaintiff states that the interrogatory answers are now moot because Defendant agrees that these answers are already part of the record.

Concerning the May 2, 1995 Bond Hearing Transcript, Plaintiff states that references to it were used to defend against Defendant's Motion for Summary Judgment. Plaintiff states that he has not asked that any excerpt from the transcript be made a part of the joint appendix, but rather requests that it be made part of the record on appeal. Plaintiff bases this request on the fact that: Defendant's counsel referred to it in the May 2, 1995 bond hearing; Magistrate Judge Morgan's

4

finding was a product of that hearing; and the Court made reference to that finding in the July 13, 2005 opinion being appealed.

Finally, Plaintiff denies that he had every opportunity to submit the May 22-23, 1995 Bond Hearing Transcript to this Court.  Plaintiff states that the transcript of this hearing was not made available to Plaintiff's counsel until December 8, 2004, and that Plaintiff ordered this transcript after July 13, 2005, after the Court granted summary judgment to Defendant.  Plaintiff states that this Court made findings during the May, 1995 bond hearing which suggest that it had concluded that those defamatory statements are not true.  Plaintiff states that had the transcript been a part of the *United States v. James Nichols* 1995 criminal file, those findings would have been offered to this Court during the summary judgment motion, and this aspect of the motion would be moot.

Plaintiff notes that this motion was filed before he had knowledge of what portions of the record Defendant wished to make part of the joint appendix, and that now Plaintiff knows that Defendant's counsel has offered excerpts from the May 22, 1995 bond hearing transcript in its appellate brief.

The Court denies Plaintiff's Motion to Expand the Record. Concerning Defendant's December 10, 2004 Responses to First Set of Interrogatories and Request, both sides agree that this document is already part of the record.  Therefore, the Court finds that this issue is moot.

The Court now considers Plaintiff's request to expand the record to include (1) the May 2, 2005 Detention Hearing Transcript, and (2) the May 22-23, 2005 Detention Hearing Transcripts.  After reviewing Defendant's brief in support of his Motion for Summary Judgment, including the excerpts from the May 2 and May 22, 2005 hearing, Defendant patently relied

upon this information to support his argument.  It is also undisputed that the Court relied upon

the findings from the detention hearing in front of Magistrate Judge Morgan in granting

Defendant's Motion for Summary Judgment.  (*See generally* July 13, 2005 Order).

Expanding the record to include the entire hearing transcripts is not necessary to the

Court of Appeals' decision on the Motion for Summary Judgment.  The transcript was clearly

available at an earlier time if Defendant was able to include it as an exhibit to his Motion for

Summary Judgment.  Therefore, if Plaintiff thought that more of the transcript was necessary to

counterbalance Defendant's claims, he certainly could have included it in his response to

Defendant's motion.

Plaintiff argues that the Court of Appeals may wish to review the transcripts because this

Court offered Magistrate Judge Morgan's findings as support for its finding below.  However,

Plaintiff never states what information contained in those transcripts may be of interest to the

Court of Appeals, or how doing so would in any way aid their appellate argument.  The May

2005 transcripts provide proof that Defendant had a basis for his statements made about Plaintiff

in the Film.  Plaintiff has presented no evidence that anything in the requested transcripts would

counter that fact.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion to Expand Record.


s/Paul D. Borman                             
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE


Dated:  July 17, 2006

6

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 17, 2006.

s/Denise Goodine
Case Manager